PARKER v. WALLS.

Opinion delivered April 15, 1905.

CONVEYANCE—REVOCABILITY.—Where a life tenant conveyed his interest to the remainderman in consideration of the payment to him of a sum

named, which at his death he agreed to refund to the remainderman's children, the provision as to payment by the life tenant of the consideration received to the remainderman's children at the former's death did not constitute a testamentary gift, and was not revocable, but was a valid claim in favor of such children at the death of the life tenant.

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

J. W. Walker executed the following deed:

"Know all men by these presents that whereas J. W. Walker, an unmarried man, owns the life estate in the property now occupied by him as homestead, and which is a part of Private Survey No. 2391, and James A. Walls owns the fee to said lands; whereas a part of said lands which lies on and east of Second street, town of Clarendon, which is called Walker's Addition to the town of Clarendon, which plat is filed in the circuit clerk's office of Monroe County, Arkansas; Now, therefore, in consideration of the sum of $400, cash in hand paid, the receipt of which is hereby acknowledged, J. W. Walker hereby grants, bargains, sells and conveys unto James A. Walls and unto his heirs forever the following real estate, towit: lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18, and lots A and B, in Walker's Addition to the town of Clarendon, Monroe County, Ark. To have and to hold unto the said James A. Walls, and unto his heirs forever, with all and singular the appurtenances thereunto belonging.

"I, J. W. Walker, do hereby warrant the title to the said lots in Walker's Addition to the town of Clarendon against all lawful claims whatever, except what title is already in James A. Walls. It is further understood and agreed that at the death of J. W. Walker that the estate of the said J. W. Walker is to pay to the children and heirs at law of James A. Walls the sum of

$400, and the said J. W. Walker hereby binds and covenants his estate shall pay said sum to said children or heirs at law of James A. Walls.

"James A. Walls, by accepting this deed, hereby covenants that said money shall be received by his children, and he hereby binds himself and his estate so to do.

"Given under my hand and seal this the 13th day of July, 1898.

"(Seal) · [Signed] J. W. WALKER."

On the 9th of April, 1902, J. W. Walker executed a will, revoking all former wills and disposing of his estate. Neither Walls nor his children are mentioned in the will, and the property described in the deed is not mentioned. The will recites that the testator is weak from illness, and it devises his estate chiefly to his brothers and sisters and the children of those who were dead, and names as executors the appellants, "personal friends of long standing."

The deed was not in the handwriting of Walker, but was duly acknowledged and recorded. After Walker's death, Walls, as guardian of his (Walls') children, presented to the executors of Walker's estate a demand for $400, founded on the terms of said deed. It was disallowed by the executors, presented to the probate court and allowed, and an appeal taken to the circuit court. The appeal was heard in the circuit court upon the foregoing evidence, and judgment allowing the claim against Walker's estate given, and the executors appeal.

*H. A. & J. R. Parker,* for appellant.

The gift will not stand as against a valid will. 44 Ark. 236; 50 Ark. 367. The deed is valid, and must stand. 13 Cyc. 521. Where two clauses in a deed are repugnant, the first will be received, and the latter rejected. 26 Ark. 128, 617; 13 Cyc. 651, 665.

*Thomas & Lee,* for appellee.

HILL, C. J., (after stating the facts.) . The executors, appellants here, insist that the last clause of the deed constituted a

testamentary gift to the children of Walls, and, not being executed as wills are required to be executed, was void, and, if valid as a testamentary gift, was revoked by the subsequent will. It is also contended that it is void for want of consideration, and that this clause is repugnant to other parts of the deed. The court views the deed differently. Walker's will leaves the impression that he was not a young man, and his life estate in some lots (not shown to be improved) in an addition to the town of Clarendon could not have been of great value. Walls owned the fee in the lots, incumbered with Walker's life interest, and Walker conveyed this life interest to Walls in consideration of $400 cash which was then received by him. Then it is further understood as part of the same transaction that on the death of Walker his estate should pay the children or heirs at law of Walls the sum of $400. Evidently, this is a repayment to Walls of the $400 advanced for Walker's life interest. In other words, Walker had the use and enjoyment of $400 without interest for his life in exchange for his life interest in the lots. Then the $400 are to be returned by mutual agreement with each party to Walls's children, instead of to Walls. This is more in the nature of a gift from Walls to his own children than a gift from Walker to Walls's children. The deed was not revocable, and conveyed present interest, and Walker received in return the present use of money; this money was to be returned at Walker's death to Walls's children. Even if construed as a gift to them by Walker, it was a present conveyance, and the enjoyment postponed to his death, and such deeds are upheld. *Bunch* v. *Nicks,* 50 Ark. 367; *Cribbs* v. *Walker,* 74 Ark. 104.

Viewing the deed from any point of view, it presents a valid claim in favor of Walls's children against Walker's estate, and the judgment is affirmed.

Mr. Justice Battle dissents.